# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# WACO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v. § | **CRIMINAL NO. W-23-CR-172-ADA** |
| § | |
| **EDWARD LEE POWELL** § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.   PROCEDURAL BACKGROUND

On July 12, 2023, the court sentenced the defendant for violation of 18 U.S.C. § 922(g)(1)—Felon in Possession of Firearm. The Court sentenced the defendant to sixty-three months imprisonment and a three-year term of supervised release; Special Conditions Include:

drug aftercare, search condition, no alcohol, mental health treatment, no gang interaction, obtain GED, and a $100 special assessment. On July 12, 2023, the defendant was released to supervision.

On July 19, 2024, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision and seeking a show-cause hearing as to why the defendant's supervision should not be revoked. The petition alleges the defendant violated the terms of his supervision in the following instances:

> **Violation Number 1:** The defendant violated standard condition #5, in that, since August 1, 2023, the defendant failed to notify the probation officer of his place of residence.
>
> **Violation Number 2:** The defendant violated standard condition #13, in that, the defendant was instructed on several occasions to report his address and work location and as of August 24, 2023, he has yet to divulge them.
>
> **Violation Number 4:** The defendant violated mandatory condition #1, in that, on or about December 25, 2023, the defendant intentionally and knowingly operated another person's motor vehicle without the owner's effective consent, in violation of TPC 31.07, a state jail felony.
>
> **Violation Number 5:** The defendant violated mandatory condition #1, in that, on or about December 25, 2023, the defendant did possess a firearm, namely a 9mm Arex Delta M handgun with 507c Holosun red dot sight, in violation of TPC 46.04, a third-degree felony.
>
> **Violation Number 6:** The defendant violated mandatory condition #1, in that, on or about December 25, 2023, the defendant did intentionally, knowingly, or recklessly cause bodily injury to a person he knew to be a peace officer while lawfully discharging their official duties, in violation of TPC 22.01, a second-degree felony.
>
> **Factual Basis:** On or about December 25, 2023, the defendant was found to be located at the Dell Seton Medical Center, in Austin, Texas. He had previously been on the property and attempted to steal from the hospital cafeteria and damaged the parking arm in the parking garage. It was also discovered the vehicle he had possession of was reported stolen. Officers from the University of Texas Police Department attempted to contact the defendant to trespass him from the property. In an attempt to detain and question him, he pushed past the officers while

attempting to elude them. Officers tried to handcuff the defendant and a physical altercation ensued causing injury to the UTPD officer and Seton security. While the altercation was occurring, the defendant continually tried to reach for his waist band of his pants but ultimately officers gained control of him and handcuffed him. In his waist band was a 9 mm handgun.

## II. FINDINGS OF THE COURT

The Court notes that the Amended Petition omits violation 3. At the hearing, the defendant pleaded true to Violations 1 and 2, and no contest to 4, 5, and 6. The government presented evidence that would support a finding of true, by a preponderance of the evidence, as to the violations.

1. The defendant was competent to make the decision to enter a plea to the allegations.

2. The defendant had both a factual and rational understanding of the proceedings against him.

3. The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The defendant was sane and mentally competent to stand trial for these proceedings.

6. The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The defendant received a copy of the petition naming him, and he either read it or had it read to him.

8. The defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

9. The defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

10. The defendant freely, intelligently, and voluntarily entered his plea to the allegations.

11. The defendant understood his statutory and constitutional rights and desired to waive them.

## III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's supervised release be revoked and that he be remanded to the custody of the U.S. Marshal for sixteen months, to run concurrent with his sentence in W:22-CR-59, with no term of supervised release to follow. The defendant should also receive credit for time served since his arrest on July 18, 2024.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED this 27th day of August 2024.**

_____
**JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE**